## Graham *v.* James, Appellant.

*Principal and surety—Condition of bond—Ejectment.*

Where a surety in a bond obligates himself to become liable for rents, mesne profits and costs, in the event that a sheriff's grantee establishes a title superior to the title of the principal in the bond, the surety is not liable, where the sheriff's grantee by an ejectment recovers possession from the actual occupant of the land, but in a second ejectment against the principal in the bond suffers a voluntary nonsuit. By suffering such a nonsuit he acknowledges that his title is not superior to that of the principal, and there is consequently no failure of the condition of the bond.

Argued Dec. 5, 1904. Appeal, No. 5, Oct. T., 1904, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1900, No. 370, on verdict for plaintiff in case of David M. Graham v. David James. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a bond. Before MARR, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on question of law reversed.

*William Wilhelm,* for appellant.—A surety is only liable for what he obligates himself to do in the bond. He cannot be made liable for something just to the contrary of what he obligates himself to do, as in the case in hand: Com. v. Simonton, 1 Watts, 310; Hibbs v. Rue, 4 Pa. 348.

No appearance nor paper-book for appellee.

OPINION BY BEAVER, J., January 17, 1905:

There was neither appearance by counsel nor paper-book for the appellee at the argument of this case. We were, therefore, deprived of the benefit of any oral argument or of any authoritative statement of the positions of the plaintiff in the court below. We have, however, an opinion of Judge MARR, who tried the case, upon a motion for judgment n. o. v., upon a question of law reserved, in which he entered judgment for

the plaintiff upon a verdict which had previously been directed by the court, from which we can fairly gather the questions as they are presented from the standpoint of the appellee.

The suit is based upon a bond given by one, Annie Harrity, upon which the appellant is a surety, given in pursuance of the 11th section of a special act of assembly relating to Schuylkill county, passed May 13, 1871, P. L. 820, providing for a summary proceeding "to obtain possession of real estate by purchasers at coroners', sheriffs' and orphans' court sales within the county of Schuylkill."

The effort of the plaintiff is to secure his legal rights by means of a legal remedy and they are, of course, to be determined by the application of legal principles. The plaintiff, having sold certain real estate, of which one, John Lawler, was in possession, upon proceedings on a judgment against him, endeavored to secure possession of the lands so sold under the provisions of the special act of assembly above referred to, known as the Wright act. Annie Harrity, who claimed to be the owner of the property, intervened and, in pursuance of the requirements of the said act, gave the bond upon which the defendant is a surety, the condition of which is as follows:

"Now the condition of this obligation is such that the above bounden, in the event the said David M. Graham shall establish in an ejectment suit to have a title superior to the title of the said Annie Harrity, then the said bounden shall account for all the rents and mesne profits of such lands or tenements which may have and which may be expected to accrue before a final decision of said claim, as well as all costs and damages, and that she shall appear at the next court of common pleas of the said county of Schuylkill and then and there plead to any declaration which may be filed against her, and thereupon proceed to trial in due course of practice and, in case she shall fail therein, that she will deliver up the said premises to the purchaser and pay him the full value of rents or mesne profits of the premises accruing from the time of such purchase; otherwise to be and remain in full force."

Upon the trial of the action of ejectment referred to, it appeared that the issue was joined between David Graham and John Lawler. A verdict was taken as to Lawler and the suit, so far as Annie Harrity was concerned, was not determined.

A plea was subsequently entered for her and the case came on for trial upon the issue thus joined between David Graham and Annie Harrity.

In the trial of the present suit, the transcript of the stenographer's notes, taken at that time, was given in evidence as follows: " Counsel for plaintiff agreeing that it appearing by the record in this case that, on the 27th of September, 1899, a verdict was rendered in favor of the plaintiff, for the land described in the writ, with six cents damages and costs, by the direction of the court, the issue then framed and trying being between David M. Graham and John Lawler who was then in possession, upon which verdict judgment was regularly entered, the jury fee having been paid on the 23rd of October, 1899 ; and it further appearing that a writ of habere facias to November term 1899, No. 89, was issued to the sheriff of Schuylkill county, who, by virtue thereof, delivered possession of the premises in question and the land described in the writ to David Graham, plaintiff, the said counsel for plaintiff contends that there is nothing further to try in this case and agrees that a voluntary nonsuit may be entered. The Court: Have you any objection or exception to that, Mr. Wilhelm ? Mr. Wilhelm : No, nothing at all. Thereupon the court directs the jury, already called in the box to be discharged, and enters a voluntary nonsuit."

It is clearly apparent from this record that the title of Annie Harrity, in the premises for which the ejectment was brought, was never tried and instead, as required in the condition of the bond that " The said David M. Graham shall establish in an ejectment suit to have a title superior to the title of the said Annie Harrity," he, by virtue of his voluntary nonsuit, would appear to have admitted that his title was not superior. In any event, the condition of the bond, so far as his connection with it was concerned, was never complied with. It is true that, in the opinion of the court discharging the rule for judgment, non obstante, it is said : " From the evidence in the case, it is apparent that David M. Graham has established in an ejectment suit a title superior to the title of Annie Harrity " but upon what evidence this declaration is based does not appear. The evidence in the case of Graham v. Lawler does not appear to have been introduced in the trial of the present

case. There was no trial in the case of Graham v. Harrity. We are at a loss, therefore, to see upon what the court bases this conclusion. If it be upon the evidence in the case of Graham v. Lawler, it was not before the court and we fail to find how there could have been evidence as to Graham's title from any other source. Nor can we understand how Annie Harrity would be bound by the result of a trial to which she was not a party.

We cannot assent to the proposition that " The voluntary nonsuit as. to Annie Harrity is immaterial, for the reason at the time it was entered it appears by the evidence submitted by counsel in a statement made by counsel for plaintiff, to which no exception or objection was taken by counsel for defendant, that a verdict for the land in controversy had been rendered in favor of David M. Graham, the plaintiff, and possession of the lands or premises had been delivered to him and, therefore, there was nothing to try as against Annie Harrity who was not in possession and whose only possession, so far as the evidence discloses, was through John Lawler who had been ousted by the sheriff." Here again the court bases its conclusion upon evidence which does not appear in the record of the present suit and, even if it had been regularly before the court, there is enough in the agreement of the counsel for the plaintiff in the trial of the ejectment against Annie Harrity to show that her title to the premises had never been tried. The nonsuit, as we view it, was, therefore, a most material circumstance in the case and, inasmuch as David Graham had never established in an ejectment suit a superior title to that of Annie Harrity, the condition of the bond remains to this day unfulfilled, so far as the plaintiff is concerned, and he has no legal right to recover rents, mesne profits and costs for the recovery of which the present suit was instituted.

· The assignments of error are sustained, the judgment is reversed and judgment is now entered for the defendant, non obstante veredicto.